UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. KWALTON, et al.,

    Plaintiffs,

v.                                           Case No. 13-11148

DEUTSCHE BANK NATIONAL        HON. TERRENCE G. BERG
TRUST CO., et al.,                      HON. MICHAEL J. HLUCHANIUK

    Defendants.
_____/

## **ORDER DENYING PLAINTIFFS' MOTION TO STAY (DKT. 13)**

This matter comes before the Court on Bradley and Alicia Kwalton's ("Plaintiffs") motion to stay all dispositive motion practice pending resolution of Plaintiff's motion to remand (Dkt. 13). Since oral argument will not significantly aid the decisional process, this matter will be decided on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, Plaintiff's motion is DENIED.

This is a case challenging a mortgage foreclosure. Plaintiffs originally filed this action in the Wayne County Circuit Court; Defendants removed the case on March 15, 2013 and, shortly thereafter, filed a motion to dismiss (Dkt. 2). In what is beginning to look like a pattern,[1] Plaintiffs responded to Defendants' motion to

---

[1] *See, e.g., Vandervennett v. Deutsche Bank Nat'l Trust Co., et al.*, E.D. Mich. Case No. 13-10698 wherein Plaintiffs' counsel employed identical procedural maneuvers.

dismiss by filing an Amended Complaint[2] (Dkt. 4) and a motion to remand (Dkt. 8). Defendants then filed a motion to dismiss Plaintiffs' Amended Complaint (Dkt. 9). Plaintiffs have now filed a motion to stay (Dkt. 13), asking the Court to hold off on deciding Defendants' motion to dismiss, until after ruling on Plaintiffs' motion to remand.

The Court is concerned not to undertake or approve any procedural courses that may delay the ultimate determination of this case. The Court is not inclined to delay adjudication of this matter any longer than necessary. Furthermore, the Court is not persuaded that maintaining two separate briefing schedules and potentially holding two separate hearings serves judicial economy. In the interest of efficiency, the Court intends to schedule all pending motions for hearing on a single day, and Plaintiffs' motion to stay proceedings will be DENIED. Plaintiffs are directed to respond to Defendants' motion to dismiss (Dkt. 9) within the time-frame allowed by E.D. Mich. LR 7.1(e)(1)(B).

Plaintiffs are cautioned to proceed judiciously in responding to Defendants' motion to dismiss. In particular, Plaintiffs should carefully review the claims contained in the Amended Complaint and, if any of the claims lack legal merit, Plaintiffs should stipulate to dismiss those claims. To this end, Plaintiffs' counsel is directed to carefully review *Conlin v. MERS*, --- F.3d ---, Case No. 12–2021, 2013

---

[2] Plaintiffs have a right to file an Amended Complaint in response to a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B).

WL 1442263 (6th Cir. Apr. 10, 2013) and *Welk v. GMAC Mortg., LLC*, 850 F.Supp.2d 976 (D. Minn. 2012). In the event that Plaintiffs should persist in advancing claims that clearly lack merit, then the Court will consider whether the pleadings are being presented for an improper purpose, such as to cause unnecessary delay or to needlessly increase the cost of litigation, in violation of Fed. R. Civ. P. 11(b), which, if proven, could require the imposition of sanctions. *See* Fed. R. Civ. P. 11(c).

Therefore, for the reasons set out above, Plaintiffs' motion to stay proceedings is hereby DENIED. Plaintiffs are further directed to respond to Defendants' motion to dismiss (Dkt. 9) within the time-frame allowed by E.D. Mich. LR 7.1(e)(1)(B), in other words – by Thursday, May 16, 2013.

IT IS SO ORDERED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 15, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager

3